# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| HENRY LEE WATKINS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-0744-O (BK) |
| | § | |
| CHIEF SAM LOVE, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

## I.  BACKGROUND

Plaintiff, a resident of Ferris, Texas, filed a *pro se* complaint against Ferris Police Chief Sam Love. (Doc. 2 at 1.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening.

The complaint asserts a claim of "slander, defamation of character, and false accusation" stemming from a November 2010 article in the Ellis County Press newspaper, which Defendant Love submitted while Plaintiff was confined at the Ellis County Detention Center on a charge of criminal mischief. (Doc. 2 at 1.)

## II.  ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

Insofar as Plaintiff raises a claim under 42 U.S.C. § 1983, his assertions of defamation of character do not rise to a federal constitutional violation. Injury to reputation or character alone is insufficient to invoke due process protection. *See Paul v. Davis,* 424 U.S. 693, 711-12 (1976) (interest in reputation alone does not implicate "liberty" or "property" interest under Due Process Clause to give rise to liability under section 1983). In addition, to the extent Plaintiff asserts defamation under state law, the Court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"). Therefore, Plaintiff's complaint lacks an arguable basis in law and should be dismissed as frivolous.

In light of the above finding, the District Court should deny Plaintiff's motion to appoint counsel. *See Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (plaintiff in civil rights action is not entitled to court appointed counsel as matter of law).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** the complaint with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and **DENY** Plaintiff's

motion to appoint counsel (Doc. 5).

SIGNED April 19, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3